9 F.3d 1554
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Joseph GALLIMORE, Defendant-Appellant.
 No. 93-50077.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 5, 1993.*
Decided Oct. 28, 1993.
 
 Before: CHOY, GOODWIN, and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Gallimore appeals the district court's granting of the government's motion to preclude evidence to establish a duress defense in his trial for escape from confinement. Specifically, Gallimore challenges the court's holding that he had not produced enough evidence to allow a jury finding that he had surrendered to the authorities immediately upon reaching a position of safety. See United States v. Michelson, 559 F.2d 567, 570 (9th Cir.1977).
 
 
 3
 Gallimore argues that he never reached a position of safety, because he had no assurances that the situation from which he escaped would be investigated or remedied if he surrendered. A "position of safety" is not dependant on an escapee's subjective belief that he will remain safe if he is returned to the same prison. See United States v. Lopez, 885 F.2d 1428, 1433-34 (9th Cir.1989), cert. denied, 493 U.S. 1032 (1990). Gallimore reached a position of safety when he became free of the immediate threat that compelled his escape. See Michelson, 559 F.2d at 570.
 
 
 4
 Gallimore also argues that the district court should have considered evidence of his intent to surrender, rather than his actual failure to surrender. See United States v. Williams, 791 F.2d 1383, 1388 (9th Cir.), cert. denied, 479 U.S. 869 (1986). This standard is limited, however, to situations in which a prisoner is caught in the act of escaping, and thus has no opportunity to turn himself in to authorities before he is apprehended. Id. Gallimore was free from confinement for ten days, and does not dispute that he could have turned himself in to law enforcement officials during that time. The district court correctly held that Gallimore's failure to surrender immediately following his escape precluded his introduction of a duress defense.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3